UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| FRANK CHRISTIAN, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | No. 1:19-CV-59 |
| v. ) | |
| ) | Judge Collier |
| TIRE DISCOUNTERS, INC., ) | Magistrate Judge Lee |
| ) | |
| *Defendant.* ) | |

**M E M O R A N D U M**

Before the Court is a motion by Defendant, Tire Discounters, Inc., to dismiss the claim of Plaintiff, Frank Christian, for failure to accommodate or engage in a good-faith interactive process. (Doc. 30.) Plaintiff responded in opposition (Doc. 31), and Defendant replied (Doc. 32). For the reasons set out below, the Court will **DENY** the motion for partial dismissal.

**I.    BACKGROUND**[1]

Beginning in November 2015, Plaintiff was employed by Defendant as a Master Service Technician in one of Defendant's stores in Hamilton County, Tennessee. Plaintiff supervised several mechanics and technicians. He did not generally have to lift heavy objects.

In July 2017, Plaintiff suffered two workplace injuries and had to take extended medical leave. In November 2017, after Plaintiff's medical leave exceeded twelve weeks, Defendant terminated his employment. Lisa Snodgrass, a Human Resources ("HR") representative for

---

[1] This summary of the facts accepts all of the factual allegations in Plaintiff's Complaint as true, *see Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Defendant, told Plaintiff he would be eligible to be reemployed when his doctor released him to return to work.

On May 24, 2018, Plaintiff's doctor released him to return to work with a forty-pound lifting restriction. On the same day, Plaintiff informed Snodgrass of the release and his desire to return to work. Snodgrass said she was waiting for confirmation of Plaintiff's release from Defendant's worker's compensation department, and she would contact Plaintiff about reemployment once she received that confirmation. Plaintiff also informed his former supervisor, Josh Gillespie, of his release and desire to return to work. Gillespie said he was interested in hiring Plaintiff for his previous position if he could get approval from HR.

In July 2018, having not heard back from Snodgrass, Plaintiff talked to Gillespie again. Gillespie told Plaintiff he had asked for permission to reemploy Plaintiff, but his district manager had said Plaintiff was too much of a liability because of his disability. Gillespie also told Plaintiff that a vice president for HR had said Plaintiff would have to be released to work with no restrictions in order to be reemployed.

Plaintiff then called Snodgrass. She told Plaintiff he would have to apply for employment online. On July 18, 2018, Plaintiff went into the store where he had formerly worked, and Gillespie helped Plaintiff fill out an online employment application. Plaintiff received an email confirming his application had been received. He also called HR and was told his application had been received. On July 31, 2018, Plaintiff emailed HR again about his release and his desire to be reemployed. Plaintiff received no further response to his application.

On August 21, 2018, Plaintiff filed a charge of disability discrimination against Defendant with the Equal Employment Opportunity Commission (the "EEOC"). (Doc. 31-1.) Plaintiff

checked the box for discrimination based on disability. (*Id.*) He specified dates of discrimination beginning on May 24, 2018, and ending on July 31, 2018, and checked the box for continuing action. (*Id.*) The narrative section of Plaintiff's EEOC charge described Plaintiff's workplace accidents, his termination, the instruction by HR that he would be eligible for re-hire when he was released to return to work, his release with lifting restrictions, his subsequent communications with Gillespie and HR, his formal application for employment, Gillespie's report of the statement that he was too much of a liability because of his injuries, and HR's failure to respond to his application or other communications, including one occasion on which his phone call to HR was terminated. (*Id.*)

The EEOC issued Plaintiff a Notice of Right to Sue on February 26, 2019. Plaintiff filed his initial complaint (Doc. 1) on February 27, 2019, and his first amended complaint on July 1, 2019 (Doc. 24). Plaintiff's first amended complaint asserted three causes of action for violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12111 *et seq.*, (the "ADA"): failing to reemploy Plaintiff because of his disability; applying a "100% healed" policy to Plaintiff as a qualification for employment; and failing to accommodate Plaintiff or engage in a good-faith interactive process with him in connection with his attempt to obtain employment. (Doc. 24 ¶¶ 29–40.) Defendant's motion to dismiss addresses only the final claim, arguing Plaintiff failed to administratively exhaust any accommodation claim. (Doc. 30.)

On February 7, 2020, with leave of the Court and without objection from Defendant, Plaintiff filed a second amended complaint. (Docs. 43, 44.) Plaintiff's second amended complaint adds factual allegations and causes of action for retaliation under the Tennessee Disability Act and the Tennessee Human Rights Act. (*See, e.g.*, Doc. 44 ¶ 52.) Plaintiff's cause of action for failure

to accommodate or engage in a good-faith interactive process is the same in the first and second amended complaints, however. (*See* Doc. 24 ¶¶ 37–40 & Doc. 44 ¶¶ 48–51.)

II. <u>**STANDARD OF REVIEW**</u>

Defendant has not identified the Rule of Civil Procedure under which it brings its motion to dismiss. The Court assumes Defendant intended to move under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on such a motion, a court must accept all of the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Hill v. Blue Cross & Blue Shield of Mich.*, 49 F.3d 710, 716 (6th Cir. 2005)). The court is not, however, bound to accept as true bare assertions of legal conclusions. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In deciding a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* at 678. Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679

(quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

If a party presents matters outside the pleadings in connection with a motion to dismiss, the court must either exclude those matters from consideration or treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). Documents attached to pleadings are considered part of the pleadings for all purposes, however, Fed. R. Civ. P. 10(c), and a court's consideration of documents referred to in a complaint and integral to the claims does not convert a motion to dismiss into a motion for summary judgment. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

### III. DISCUSSION

Plaintiff has amended his complaint since Defendant filed its motion for partial dismissal. (Doc. 33; Doc. 44.) Pending motions are generally denied as moot if they are directed to pleadings that have since been amended. *See, e.g.*, *Ware v. C.R. Bard, Inc.*, No. 1:07-CV-172, 2007 WL 2463286, at *2 (E.D. Tenn. Aug. 28, 2007). An exception exists when the amended complaint is substantially identical to the previous complaint. *See, e.g.*, *Greater Cincinnati Coal. for the Homeless v. City of Cincinnati*, No. 1:08-CV-603, 2009 WL 3029611, at *4 (S.D. Ohio Sept. 16, 2009). Plaintiff's amendment did not change the factual or legal allegations setting out the cause of action to which Defendant's motion is directed. The Court will therefore consider Defendant's motion for partial dismissal as if it were directed to Plaintiff's second amended complaint.

Defendant asks the Court to dismiss Plaintiff's cause of action for failure to accommodate or engage in a good-faith interactive process on the grounds that Plaintiff failed to exhaust his

administrative remedies as to this claim. (Doc. 30.) Defendant argues Plaintiff did not include this claim in his EEOC charge and it is not reasonably related to the facts he did allege in his charge. (*Id.*) Defendant did not file a copy of Plaintiff's EEOC charge with its motion. Plaintiff argues in response that his claims of failure to reemploy, which Defendant admits was articulated in the EEOC charge, and failure to accommodate are intertwined. (Doc. 31.) Plaintiff filed a copy of his EEOC charge with his response. (Doc. 31-1.)

An employee who wishes to file a lawsuit claiming a violation of the ADA must first exhaust his or her administrative remedies by filing a timely charge with the EEOC and receiving a right-to-sue letter. *Parry v. Mohawk Motors of Mich.*, 236 F.3d 299, 309 (6th Cir. 2000). The purpose of an EEOC charge "is to trigger the investigatory and conciliatory procedures of the EEOC so that the [EEOC] may first attempt to obtain voluntary compliance with the law." *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998). "A charge of discrimination is sufficient if it contains 'a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Id.* (quoting 29 C.F.R. § 1601.12(b)).

A lawsuit may include claims the employee did not expressly include in the EEOC charge if the claims "are reasonably related to or grow out of the factual allegations in the EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010) (citing *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006)); *see also Davis*, 157 F.3d at 463 ("where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim"). This type of

broad construction of an EEOC charge applies whether the charge is drafted by an attorney or by the employee. *Spengler v. Worthington Cylinders*, 615 F.3d 481, 490 (6th Cir. 2010).

The ADA prohibits a covered entity from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring . . . of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The ADA defines "discriminat[ing] against a qualified individual on the basis of a disability" to include:

> (1) limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee; . . .
>
> (3)(A) utilizing standards, criteria, or methods of administration . . . that have the effect of discrimination on the basis of disability; . . .
>
> (5)(A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or
>
> (B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant; [or]
>
> (6) using qualification standards . . . or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard . . or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity.

42 U.S.C. § 12112(b). Plaintiff's cause of action for failure to reemploy appears to implicate subsections (b)(1) and (b)(5)(B). Plaintiff's cause of action for an illegal qualification standard cites subsections (b)(3)(A) and (b)(6). (Doc. 44 ¶ 47.) Plaintiff cites subsection (b)(5)(A) to support his cause of action for failure to accommodate. (Doc. 31 at 4.)

7

The Court notes at the outset that Defendant disputes the exhaustion of one of Plaintiff's three claims for disability discrimination. "Disability," however, is the exact type of discrimination Plaintiff identified in his EEOC charge. (*See* Doc. 31-1.) The situation is therefore distinct from those in which a plaintiff checks the box for one type of discrimination, such as disability, and then tries to assert a cause of action for another type of discrimination, such as race, color, sex, religion, national origin, retaliation, age, genetic information, or discrimination on any other basis. *See, e.g.*, *Spengler*, 615 F.3d at 490 ("expected scope of investigation test" requires plaintiff to allege enough facts in EEOC charge to put EEOC on notice of a claim *as to which plaintiff failed to check the box* on the complaint form); *see also Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002) (examining scope of allegations to determine exhaustion of retaliation claim where plaintiff checked only "age" box, not "retaliation" box, on charge form). Plaintiff's allegation that Defendant discriminated against Plaintiff on the basis of disability thus appears on the face of the charge.

Defendant nevertheless argues that Plaintiff failed to exhaust his disability failure-to-accommodate claim. Plaintiff argues that his disability failure-to-reemploy claim and his disability failure-to-accommodate claim are intertwined, so that the exhaustion of one is the exhaustion of the other.[2] (Doc. 31 at 4.) Defendant admits the EEOC charge articulates a claim for failure to

---

[2] Plaintiff further explains that he raised his failure-to-accommodate claim in response to Defendant's response to the EEOC charge, in which Defendant argued that Plaintiff's formal, online application was directed only to a job in Ohio. (Doc. 31 at 6–7.) While Plaintiff has supplied the Court with a copy of Defendant's alleged response to the charge, that document is neither attached to, referred in, nor integral to the complaint in such a way that the Court would be justified in considering it without converting Defendant's motion to dismiss into a motion for summary judgment. *See Commercial Money*, 508 F.3d at 335–36.

reemploy based on disability discrimination. (Doc. 30 at 2–3.) Defendant's reply mentions, but does not analyze, Plaintiff's intertwinement argument. Defendant addresses instead whether Defendant had a duty to accommodate Plaintiff in applying for employment under the circumstances presented here. (Doc. 32 at 1–2.) But Defendant's motion to dismiss is based on exhaustion, not on whether it owed a duty to Plaintiff.

The Court concludes Plaintiff has exhausted his cause of action for disability discrimination based on a failure to accommodate. Plaintiff checked the box for disability discrimination on his EEOC charge. The narrative section of the EEOC charge describes his communications with Defendant regarding his desire for reemployment and his compliance with Defendant's instruction to submit a formal employment application. (Doc. 31-1.) Plaintiff's claim that Defendant failed to accommodate him or engage in a good-faith interactive process regarding what he needed to do to be considered for reemployment is therefore, at a minimum, reasonably related to the factual allegations in the EEOC charge. In other words, Plaintiff's failure-to-reemploy claim, which Defendant does not dispute was exhausted, was intertwined with his failure-to-accommodate claim, as they both arise out of the facts surrounding Plaintiff's attempts to regain employment with Defendant.

### IV. <u>CONCLUSION</u>

Because Plaintiff administratively exhausted his failure-to-accommodate claim, the Court will **DENY** Defendant's motion for partial dismissal (Doc. 30).

**An appropriate order will enter.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**